633 S.E.2d 512

**In the Matter of David G. INGALLS, Respondent.**

**No. 26192.**

Supreme Court of South Carolina.

Submitted June 26, 2006.

Decided July 24, 2006.

570

Henry B. Richardson, Jr., Disciplinary Counsel, and Michael J. Virzi, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Desa Ballard, of West Columbia, for respondent.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to issuance of either an admonition or a public reprimand. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

## FACTS

Respondent practices law primarily in the area of real estate transactions. He also owns a title insurance agency known as Hanover Title Agency, Inc., (Hanover) which is located on the premises of his law office.

During 2001 and 2002, Hanover was owned by respondent and his then-employee Margaret McNelis. McNelis is not a lawyer.

Since the late 1990s and at respondent's direction, McNelis regularly closed real estate transactions on respondent's be-

half when he was not present. On at least 49 such occasions between April 2001 and July 2002, respondent was on vacation and not in the office when McNelis closed transactions and signed closing documents on respondent's behalf. On other occasions, McNelis closed real estate transactions at respondent's direction because respondent was delayed in returning to the office from other business or the closing occurred at a time other than originally scheduled and when respondent was unavailable.

Respondent represents, and ODC does not dispute, that his standard procedure was to personally attend real estate closings and, if he could not, to arrange for another attorney to conduct the closing on his behalf. Respondent represents that most of his closings occurred in his presence or that of another lawyer; however, when neither he nor another lawyer were available, it was standard procedure to have McNelis conduct the closing.

Respondent now recognizes that a lawyer must personally conduct the closing of every real estate transaction and that, by knowingly allowing a non-lawyer to close real estate transactions, he assisted in the unauthorized practice of law. Respondent represents that it is now his standard procedure to conduct real estate closings in the presence of a lawyer.

## *LAW*

Respondent admits that, by his misconduct, he has violated the Rules of Professional Conduct, Rule 407, SCACR, particularly Rule 1.1 (lawyer shall provide competent representation), Rule 5.3(b) (lawyer having direct supervisory authority over non-lawyer shall make reasonable efforts to ensure the person's conduct is compatible with the professional obligations of the lawyer), Rule 5.3(c) (lawyer shall be responsible for conduct of non-lawyer that would be a violation of Rules of Professional Conduct if engaged in by a lawyer), Rule 5.5(b) (lawyer shall not assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law), and Rule 8.4(a) (it is professional misconduct for lawyer to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another). Respondent acknowledges that

his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate the Rules of Professional Conduct).

## *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.